OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the defendant’s motion for summary judgment dismissing the complaint granted. The certified question is answered in the negative.
Although nominally an action by the tenant against its landlord to recover for water damage, the papers make clear that the real party in interest is Insurance Company of the State of Pennsylvania (State Insurance), the tenant’s insurer, which seeks to assert the tenant’s rights by way of subrogation (see CPLR 1004). The lease required the tenant to carry fire and extended coverage insurance and to pay the cost of such insurance and provided that “Landlord shall be named as additional insured in said policies of *921 insurance and said policies shall contain waivers of subro-gation against Landlord.”
The subrogation clause of the State Insurance policy issued to tenant provided that “any release from liability entered into in writing by the insured prior to loss hereunder shall not affect this policy or the right of the insured to recover hereunder.” Construed in the light of the subrogation rights otherwise reserved to State Insurance in the same policy provision, the quoted language can only be construed as a waiver by State Insurance of subrogation rights against any person to whom its insured had given a release in writing prior to loss, for otherwise the insured by giving such a release would, by cutting off the insurer’s subrogation rights, have adversely affected its right to recover under the policy (Commerce & Ind. Ins. Co. v Orth, 254 Ore 226; see Insurance Co. of North Amer. v Universal Mtge. Corp., 82 Wis 2d 170).
State Insurance having waived its right to subrogation against the landlord, to whom tenant by entering into the lease had given a prior written release (the insurance clause of the lease, quoted above), has no cause of action in subrogation. It is, therefore, unnecessary to consider the effect of section 5-321 of the General Obligations Law upon the rights of the tenant against the landlord had the tenant failed to obtain insurance containing the required subrogation waiver clause. State Insurance, having agreed to waive its rights against the landlord and presumably taken that into consideration in fixing its premium, will not be heard to say that the landlord’s failure to participate with the tenant in the cost of insurance invalidates its waiver.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.